IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DOROTHY S. | * | |
| | * | |
| v. | * | Civil Case No. CCB-18-273 |
| | * | |
| COMMISSIONER, SOCIAL SECURITY[1] | * | |
| | * | |

*************

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). ECF 3. I have considered the parties' cross-motions for summary judgment. ECF 12, 13. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that the Court deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on December 20, 2010, originally alleging a disability onset date of September 1, 2010. Tr. 368-76. Her applications were denied initially and on reconsideration. Tr. 145-49, 151-64. An Administrative Law Judge ("ALJ") held a hearing on December 14, 2012, at which

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

Plaintiff was represented by counsel. Tr. 83-120. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 125-39. The Appeals Council ("AC") remanded the case for a new hearing. Tr. 140-42. After a brief hearing which adjourned to allow Plaintiff to obtain representation, Tr. 76-82, an ALJ held a full second hearing on November 20, 2015. Tr. 33-75. After ordering and reviewing a consultative examination, the ALJ issued an opinion again denying benefits on March 30, 2016. Tr. 11-24. This time, the AC denied Plaintiff's request for further review, Tr. 1-5, so the ALJ's 2016 decision constitutes the final, reviewable decision of the SSA.

At the hearing, and in briefing, Plaintiff amended her alleged onset date to August 1, 2013. Tr. 37, 520. The ALJ found that Plaintiff had engaged in substantial gainful activity between October, 2013 and December, 2013, between April, 2014 and June, 2014, and between October, 2014 and December, 2014. Tr. 14. Accordingly, the ALJ's opinion evaluated only the periods without substantial gainful activity.

The ALJ found that Plaintiff suffered from the severe impairments of "lumbar degenerative disc disease; obesity; and diabetes with neuropathy." Tr. 15. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for 2 hours in an 8 hour day; sit for 6 hours in an 8 hour day; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; must avoid concentrated exposure to vibration; must avoid even moderate exposure to hazards such as machinery and heights; needs to have the opportunity to sit or stand at least once an hour for 15 minutes without leaving the workstation; and requires the use of a cane for balance.

Tr. 18. After considering the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff was capable of performing her past relevant work as a secretary and check cashier. Tr. 23-24. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 24.

On appeal, Plaintiff raises several arguments, including that: (1) the ALJ assigned too little weight to the opinions of her treating physician, Dr. Fox; and (2) the ALJ erred in evaluating the opinion of the consultative examiner, Dr. Honick. ECF 12 at 6-8. Each argument lacks merit for the reasons set forth below.

First, Plaintiff contends that the ALJ "rejected the opinion of the treating physician, Dr. Fox by noting that the opinion dealt only with the condition of the claimant prior to the period at issue." ECF 12 at 7. The ALJ's opinion, however, makes no such statement about Dr. Fox's opinions. The phrase referenced by Plaintiff was used only in connection with other medical opinions rendered by other physicians prior to the amended onset date in the case. Tr. 21 (citing exhibits 6F, 10F, and 9F at 1-3).

Instead, Dr. Fox's opinions were assigned little weight, "as the extent of the limitations opined by Dr. Fox appear to be based heavily on the claimant's subjective complaints, and do not comport with the record as a whole, including the most recent treatment notes from the Baltimore Pain Relief Center." Tr. 22. The ALJ cited to specific examples from the record to explain that assertion, including her statement that Plaintiff's "treatment has been essentially routine and/or conservative in nature," Tr. 20, her statement that "the claimant's current medication regimen is effective at relieving the claimant's symptoms, without serious side effects," supported by citation to specific medical records, Tr. 21, the fact that Plaintiff had engaged in work activity after the alleged onset date, *id.*, and references to Dr. Fox's own treatment notes that undermine the limitations in his opinions, Tr. 22. The ALJ also noted a specific inconsistency in Dr. Fox's opinion with respect to whether Plaintiff experienced any anxiety. *Id.* Because the ALJ cited substantial evidence to support her conclusion, even if there is other evidence that may support Plaintiff's position, this Court is not permitted to reweigh the evidence or to substitute its own

judgment for that of the ALJ. *See Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Remand is therefore unwarranted.

Finally, Plaintiff contends that the ALJ was inconsistent in assigning weight to the opinion of the consultative examiner, Dr. Honick. ECF 12 at 8. Plaintiff asserts that the ALJ attributed only "limited weight" to Dr. Honick's opinion, but then relied on it as part of the basis for the RFC assessment. *Id.* The ALJ's opinion clearly states, however, that the RFC assessment was premised in part on "the objective findings of the consultative examination," not on the opinion rendered by the consultative examiner. Tr. 22. Accordingly, there was no inconsistency in the ALJ's analysis.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion for Summary Judgment, ECF 13;

2. the Court DENY Plaintiff's Motion for Summary Judgment, ECF 12;

3. the Court AFFIRM the SSA's decision under sentence four; and

4. the Court order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: January 8, 2019                                     /s/
                                                    Stephanie A. Gallagher
                                                    United States Magistrate Judge